MAY 7 2026 PM 12:13
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CORI HAMMOND,**
*PRO SE*

**Plaintiff(s),**

**v.**                                              Case No.: 8:26-cv-1359-TPB-CPT

**BANG SI-HYUK, HYBE CO. F/K/A BIG HIT
ENTERTAINMENT CO. LTD., BIGHIT MUSIC CO. LTD.,
HYBE AMERICA INC., SAMSUNG ELECTRONICS
AMERICA, INC., BIG HIT AMERICA INC.,
PARK JIMIN, JEON JUNGKOOK, KIM TAEYOUNG,
MIN YOON-GI, KIM NAMJOON, KIM SEOKJIN,
JUNG HO-SEOK, JOHN DOES 1-100,
JANE DOES 1-100, AND XYZ COMPANIES 1-100,**

**Defendant(s)**

## COMPLAINT

Plaintiff Cori Hammond seeks compensatory and punitive damages for Libel

and Slander (Tort 320), and violations of Florida Statutes §§ 540.08 and 540.11, to

redress the profound personal and financial devastation caused by Defendants'

conduct. This civil action for damages arising from a calculated and malicious

campaign of professional defamation and the unauthorized commercial

1

IFP

exploitation of Plaintiff's likeness and recorded performances.

Beginning in June 2025, Defendants utilized false communications to intentionally interfere with Plaintiff's livelihood, directly causing the loss of her employment and professional standing. While Defendants generated billions of dollars in revenue through the misappropriated commercial value of Plaintiff's identity, Plaintiff was left to suffer a total loss of her assets and significant, ongoing psychological trauma.

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and cost. There is complete diversity of citizenship between the Plaintiff and the Defendants.

2.    This Court has personal jurisdiction over the Defendants because the Defendants purposefully directed their tortious activities (defamation and unauthorized use of likeness) toward the State of Florida, causing injury to a Florida resident and interfering with a Florida-based employment relationship. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omission giving rise occurred in this district, including the publication of defamatory statements received in this district and resulting economic and personal trauma suffered by the Plaintiff within

this district.

## PARTIES

3.     Plaintiff CORI HAMMOND is an individual and a citizen of the state of Florida, residing in Polk County. Plaintiff is a developer of proprietary intellectual property and the creator of the various recordings and likeness assets at issue in this action.

4.     Defendant BANG SI-HYUK also known as "Hitman Bang" is an individual and a citizen of the Republic of South Korea. Upon information and is the founder and Chairman of HYBE co., Ltd. Bang Si-Hyuk is also the main producer for BIGHIT Music Co., Ltd. He is sued in his individual and representative capacities for his role in directing the tortious conduct described herein. Service may be attempted % Registered Agent Inc. 4356 Route 1 S STE 206, Princeton, NJ 08540.

5.     Defendant HYBE CO. LTD. F/K/A BIG HIT ENTERTAINMENT CO. LTD. is a music-based entertainment lifestyle company with its principal place of business in Seoul, South Korea, and parent company to defendants HYBE America and BIGHIT Music.

6.     Defendant HYBE AMERICA INC., is a U.S.-based affiliate and wholly-owned subsidiary of HYBE Co. Ltd., with its principal place of business in

Los Angeles, California. Service may be attempted % Congency Global Inc., 1325 J ST STE 1550, Sacramento, CA 95814.

7. Defendant BIG HIT AMERICA INC., is a U.S.-based affiliate and wholly-owned subsidiary of HYBE Co. Ltd., with its principal place of business in Los Angeles. California. Service may be attempted % Big Hit America Inc. 2121 Avenue of the Stars, Los Angeles, CA 90067.

8. Defendant BIGHIT MUSIC CO. LTD., is a leading record label and a subsidiary of HYBE Co., with its principal place of business in Seoul, South Korea. BIGHIT manages the musical performing group known as BTS.

9. Defendant SAMSUNG ELECTRONICS CO. LTD., is a foreign corporation organized and existing under the laws of the Republic of South Korea, with its principal place of business in Suwon, South Korea. Defendant is a global technology conglomerate that maintains a massive industrial and commercial presence within the United States and the State of Florida.

10. Defendant SAMSUNG ELECTRONICS AMERICA, INC. is a New York corporation with its principal place of business in Ridgefield Park, New Jersey. It is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. through which the parent company conducts substantial business in Florida. Service of process may be made upon its Registered Agent: CT Corporation System, 330 N. Brand Blvd STE 700, Glendale, CA 91203.

4

11. Defendant PARK JIMIN is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted % Registered Agent, 4365 Route 1 STE 206, Princeton, NJ 08540.

12. Defendant JEON JUNGKOOK is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted % Registered Agent Inc., 4365 Route 1 S STE 206, Princeton, NJ 08540.

13. Defendant KIM TAEYUNG (p/k/a V) is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as

defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted ℅ Registered Agent Inc., 4365 Route 1 S STE 206, Princeton, NJ 08540.

14.    Defendant MIN YOON-GI (p/k/a SUGA/AGUST D) is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted ℅ Registered Agent Inc., 4365 Route 1 S STE 206, Princeton, NJ 08540.

15.    Defendant KIM NAMJOON (p/k/a RM) is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTSand performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted ℅ Registered Agent Inc., 4365 Route S STE 206, Princeton, NJ 08540.

16.    Defendant KIM SEOKJIN (p/k/a JIN) is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work

within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted ℅ Registered Agent Inc., 4365 Route 1 S STE 206, Princeton, NJ 08540.

17.     Defendant JUNG HO-SEOK (p/k/a J-HOPE) is an individual and a citizen of the Republic of South Korea. At all times relevant, Defendant was an artist and agent of HYBE/BIGHIT's musical group BTS and performs substantial work within the United States through HYBE AMERICA INC. Defendant is sued in his individual capacity for the unauthorized use of Plaintiff's likeness and persona as defined under Fla. Stat. §§ 540.08 and 540.11. Service may be attempted ℅ Registered Agent Inc., 4365 Route 1 S STE 206, Princeton, NJ 08540.

18.     Defendant John Does 1-100, Jane Does 1-100 and XYZ Companies 1-100 who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are discovered.

19.     The individual defendants will be present in and about the Middle District of Florida in connection with the claims asserted below and or will be subject to the jurisdiction of this Court.

20.     Defendants XYZ Companies, through their registered agents, servants and employees, are or will be present in or about the Middle District of Florida and

are or will be subject to the jurisdiction of this Court. This complaint will be amended when their true names are ascertained.

21.    Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in active participation with each other in committing the wrongful acts alleged herein.

22.    Defendants John Does 1-100, Jane Does 1-100, and XYZ Companies are hereinafter referred to collectively as "Defendants."

## STATEMENT OF FACTS

23.    On June 20, 2025, Plaintiff filed a provisional patent application for a [Identity-Aware System/Digital Token System]. Following this filing, Plaintiff reached out to Defendants HYBE and SAMSUNG via email and official corporate channels to propose a professional licensing agreement. Through these communications, Defendants acquired high-resolution recordings, images, and biographical data belonging to the Plaintiff. Defendants were explicitly put on notice that these assets were the property of the Plaintiff and were being shared out of good-faith solely for the purpose of evaluating a business opportunity.

24.    Since the unauthorized use of Plaintiff's likeness began in June 2025, Defendant Samsung Electronics' stock value has increased by over 200%. This massive commercial windfall is a direct result of the exploitation of Plaintiff's

persona and proprietary methods, constituting irreparable harm to Plaintiff's exclusivity.

25. Defendants, specifically SAMSUNG ELECTRONICS have a documented history of 'burying' independent inventors through willful infringement and aggressive litigation tactics. This pattern is so severe that it recently required intervention of the U.S. Department of Justice (DOJ) and the USPTO in Collision Communications, Inc. v. Samsung Electronics Co., Ltd., Case No. 2:23-cv-00587-JRG (E.D. Tex. 2026). In that matter, the government filed a Statement of Interest highlighting the irreparable harm faced by smaller innovators when global corporations exploit their intellectual property without a license. The exact harm currently being suffered by Plaintiff.

26. Defendants HYBE/ BIG HIT have a documented pattern of filing 'John Doe' lawsuits to intimidate those who they perceive as threats. Notably, on April 9, 2026 just 48 hours after Plaintiff filed her patent case on April 7, 2026, Defendants filed a retaliatory action (Case No. 8:26-cv-01039) specifically targeting the Tampa area to interfere with the Plaintiff's ability to seek justice. HYBE filed similar lawsuits in 2019 in Chicago (Case No. 1:19-cv-03070), California in 2019 (Case No. 19GDCV00547), California in 2021 (Case No. 21AHCV00077), and in Las Vegas in 2022 (Case No. 2:22-cv-00510-JAD-EJY).

9

27.     Plaintiff asserts that Defendant Bang Si-Hyuk is currently the subject of a massive financial crimes investigation by the Seoul Metropolitan Police Agency involving $140 million in illicit IPO gains. Bang Si-Hyuk has been under a travel ban since August 2025 and narrowly avoided arrest in late April 2026 only due to a prosecutorial request for supplementary evidence.

28.     Parallel to this investigation, in June 2025, Defendants orchestrated a suspicious merger with Binary Korea and possibly entered a secretive global partnership with Samsung Electronics. Plaintiff alleges these maneuvers were designed to conceal assets including the technology and likeness stolen from the Plaintiff. In the midst of transferring assets, knowing authorities would execute search warrants, the transfer of assets was also a cover up that would help conceal evidence and facts pertaining to a deadly accident that happened in New York City around March 2023 specifically March 15-16 2023 involving Jungkook Jeon and Jimin Park.

29.     Rather than entering a licensing agreement or partnership, Defendants, led by BANG SI-HYUK and executives at HYBE, began a systematic campaign of defamation. Between June 2025 to the present, Defendants published false statements to the Plaintiff's business associates and employers, specifically that the Plaintiff was being filmed without her consent in a promotion for BTS's

ARIRANG "What is your Love Song?" on December 28, 2025 at Seminole HardRock Hotel and Casino Tampa.

30.    As a direct result of these malicious communications, Plaintiff's employment was terminated. This led to a total loss of all financial assets and personal property, leaving Plaintiff in a state of professional and personal Devastation.

31.    The coordinated effort to strip Plaintiff of her livelihood while profiting from her identity has caused Plaintiff significant, documented psychological trauma and emotional distress, for which she seeks redress under the laws of Florida.

32.    On March 27, 2026 around 7:00 PM (Police Report No. S260862235, License Plate No. ZUX43), Plaintiff called the Polk County Sheriff's department in regards to suspicion of cameras in her home. An officer met her at her residence to check for any camera. The officer stated that the Polk County Sheriff Department did not have the tools to check for small surveillance devices. The Officer walked through the home but told the Plaintiff if she didn't have any video evidence of her being recorded there was nothing they could do.

33.    Following the Defendants' unauthorized use of plaintiff's likeness, Plaintiff was targeted by a sophisticated series of Communications via WhatsApp and Signal. These messages, which appeared to originate from or be directed by

Defendants' management, attempted to lure Plaintiff into various financial scams using her own likeness and proprietary concepts as bait.

34.    Forensic data reveals that the harassing communication originating from 'protect@bighit.co.kr' shares the identical IP address (209.85.220.41) used to send harassing emails to Plaintiff in March 2026. The IP address traces back to a device used by Defendant Jimin Park. Another IP address was discovered (209.85.220.65) that also participated in sending harassing emails, that is also linked to HYBE. This IP address (209.85.220.65) is believed to be used by Jeon Jungkook or other members of the group BTS (Yoon-Gi Min, Namjoon Kim, Taehyung Kim, Kim SeokJin, Jung Ho-Seok).

35.    Plaintiff has observed a disturbing pattern of digital and physical "mirroring," wherein her real-time location and movements were tracked and reflected in communications and digital content controlled by Defendants. This unauthorized surveillance served no legitimate purpose other than to harass, intimidate, and exert psychological pressure on the Plaintiff.

36.    Defendants, acting through various John Doe agents, have maintained a campaign of relentless email harassment. Despite Plaintiff's repeated efforts to block these communications, Defendants consistently circumvented these blocks by creating new, ephemeral email accounts to continue their disparagement and intimidation.

12

37.    This course of conduct spanning encrypted messaging apps, emails, and location tracking demonstrated that Defendants's actions were not accidental but were part of a coordinated effort to silence the Plaintiff and maintain control over her misappropriated intellectual property.

38.    At all times relevant to this action, Defendants employed sophisticated digital surveillance techniques to "mirror" Plaintiff's private movements, communications, and real-time physical location. This mirroring was not for legitimate security for a legitimate security purpose but was intended to harvest Plaintiff's persona and daily actions for commercial integration into Defendants' digital ecosystems.

39.    Plaintiff observed that her real-time actions and personal characteristics were being replicated within Defendants' commercial products and fan engagement platforms (including smart-device behaviors and other related 10systems). This constitutes the unauthorized "display" and "public use" of Plaintiff's likeness for trade purposes under Fla. Stat § 540.08.

40.    Defendants, acting through a network of agents, engaged in a "course of conduct" designed to cause Plaintiff substantial emotional distress. This included:

● A. Sending Frequent, harassing messages via encrypted applications (WhatsApp and Signal) attempting to solicit Plaintiff into fraudulent

Schemes.

● **B.** Bypassing electronic blocks by creating a constant stream of new, ephemeral email addresses to maintain a direct line of intimidation.

● **C.** Utilizing location-tracking data to demonstrate to the Plaintiff that her private movements were being monitored in real-time.

While profiting from the digital mirroring of Plaintiff's life.

41. Defendants simultaneously contacted Plaintiff's then-employer. Defendants published disparaging statements, with intent of inducing Plaintiff's termination and causing a total financial collapse.

42. As a direct and proximate result of Defendants' coordinated campaign of mirroring, stalking, and defamation, Plaintiff has suffered:

● **A.** Total loss of professional livelihood and employment.

● **B.** Complete depletion of financial assets and personal property.

● **C.** Severe and ongoing psychological trauma, fear for personal safety, and extreme emotional distress.

43. Plaintiff gave Notice of Pursuant to Fla. Stat. § 770.01 on May 2, 2026 to Defendants.

## FIRST CAUSE OF ACTION

### (LIBEL AND SLANDER PER SE (TORT 320))

44. Plaintiff incorporates by reference the facts alleged in Paragraphs

1-43.

45.    Defendants published false and disparaging statements to third parties, including Plaintiff's employers with Actual Malice.

46.    These statements directly caused the termination of Plaintiff's employment and the total loss of her financial assets. Because these statements touched upon Plaintiff's professional fitness, they constitute Defamation Per Se under Florida Law.

## SECOND CAUSE OF ACTION

## (UNAUTHORIZED USE OF LIKENESS (FLA. STAT. § 540.08))

47.    Defendants knowingly published, displayed and publicly used Plaintiff's name, persona, and likeness for the purpose of trade and commercial advertising without Plaintiff's consent.

48.    Defendants "mirroring" of Plaintiff's actions into their digital ecosystems constitutes a commercial appropriation of Plaintiff's Identity for the purpose of generating global revenue.

## THIRD CAUSE OF ACTION

## (UNAUTHORIZED USE OF RECORDINGS (FLA. STAT. § 540.11))

49.    Defendants took, reproduced, and transferred Plaintiff's recorded performances and proprietary digital articles onto digital products and "fandom token" without authorization.

50.    This conduct was performed for the commercial benefit of Defendants SAMSUNG and HYBE at the expense of the Plaintiff.

## FOURTH CAUSE OF ACTION

## (CYBERSTALKING (FLA. STAT. § 784.048)

51.    Defendants engaged in a willful, malicious, and repeated "course of conduct" intended to harass the Plaintiff.

52.    This conduct including location mirroring, circumventing electronic blocks, and using encrypted messaging apps to target the Plaintiff served no legitimate purpose and caused Plaintiff substantial emotional distress and fear for her safety.

## DEMAND FOR PRESERVATION OF EVIDENCE

53.    Plaintiff hereby demands that Defendants SAMSUNG, HYBE, BANG SI-HYUK, and all individual Artist Defendants take immediate steps to preserve all potentially discoverable evidence. This includes, but not limited to:

- **A.** All internal and external Emails and WhatsApp/Signal messages regarding Plaintiff.

- **B.** All Phone Records and text messages from personal and corporate devices used to coordinate the "mirroring" or surveillance of the Plaintiff.

- **C.** All server logs, location-tracking data, and metadata

16

associated with the Defendants' digital articles and smart device systems.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against the Defendants, jointly and severally, for:

1. Compensatory Damages in an amount to be determined at trial (exceeding $75,000 to satisfy diversity jurisdiction).

2. Punitive Damages for the intentional malicious, and outrageous conduct of the Defendants.

3. A Permanent Injunction prohibiting Defendants from further using Plaintiff's likeness or mirroring her movements.

4. Attorney's fees and costs (if Applicable) and any other relief the Court deems just.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:

**CORI HAMMOND**

*Pro Se*

Lakeland, FL 33811

cori.hammond91@gmail.com