MAY 7 2026 PM 12:14
FILED - USDC - FLMD - TPA

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**


**CORI HAMMOND,**
*PRO SE*

**Plaintiff(s),**

**v.**                                                  Case No.: 8:26-cv-1359-TPB-CPT

**BANG SI-HYUK, et al.,**

**Defendant(s)**


## EMERGENCY MOTION FOR TEMPORARY RESTRAINTING ORDER

## AND PRELIMINARY INJUNCTION

1.      Plaintiff, Cori Hammond, proceeding pro se, moves this Court pursuant to Fed. R. Civ. P. 65 and Local Rule 6.01 for an emergency Temporary Restraining Order and Preliminary Injunction against Defendants. Plaintiff provided statutory notice of this action on May 2, 2026 to Defendants pursuant to Fla. Stat. § 770.01.

## CONDUCT TO BE RESTRAINED

2.      Plaintiff seeks an order immediately restraining Defendants and their agents from:

1

a. Likeness Exploitation & Trade Use: Broadcasting or distributing Plaintiff's likeness, including non-consensual recordings from June 20, 2025 for trade purposes in violation of Fla. Stat. § 540.08.

b. Surveillance and "Mirroring": Continuing any unauthorized interception of Plaintiff's communications, real-time location tracking, or the "digital mirroring" of Plaintiff's life into Defendants' Commercial ecosystems.

c. Harassment & Defamation: Continuing the campaign of disparagement and harassment via encrypted messaging (WhatsApp/Signal) and ephemeral email accounts.

d. Preservation of Evidence: Deleting or altering any digital logs, surveillance data, or metadata associated with IP addresses 209.85.220.41 and 209.85.220.65.

## VERIFIED FACTS

3. Plaintiff incorporates by reference the facts set forth in her Verified Complaint, including:

a. Likeness Conversion: Defendants' 200% stock surge following the misappropriation of Plaintiff's identity and proprietary systems.

b. Forensic Links: Harassing communication traced to IP addresses 209.85.220.41 (Jimin Park) and 209.85.220.65.

2

c. Criminal Shadow: $140 million IPO fraud investigation and travel ban involving Defendant Bang Si-Hyuk in South Korea.

d. Retaliatory Litigation: Filing of Case No. 8:26-cv-01039 on April 9, 2026, exactly 48 hours after Plaintiff sought to protect her IP.

e. Physical Surveillance: Polk County Sherriff;s Report No. S260862235, Patrol License Plate No. ZUX43, regarding unauthorized surveillance and harassment in Plaintiff's home.

### **ARGUMENT FOR EMERGENCY RELIEF**

4.    Under Tort 320, Plaintiff has established a prima facie case for libel and invasion of privacy. Defendants' documented history of willful infringement, noted by the DOJ in *Collision Communications, Inc. v. Samsung* (Case No. 2:23-cv-00587-JRG), further supports Plaintiff's claims.

5.    Every hour of continued surveillance and global broadcast of Plaintiff's likeness constitutes a permanent violation of her constitutional privacy rights and professional exclusivity that money cannot remedy.

6.    Plaintiff has complied with Fla. Stat. § 770.01 by providing Defendants an opportunity to retract defamatory statements and has notified them of this filing. Immediate Court intervention is required to prevent destruction of evidence.

3

## <u>SECURITY BOND</u>

7.    Plaintiff, currently in a state of financial devastation caused by Defendants' actions, moves this Court to set a normal bond, as this action seeks to protect fundamental privacy and safety rights

WHEREFORE, Plaintiff respectfully requests that this Court grants this Emergency Motion.

Respectfully Submitted,

**Cori Hammond**
Plaintiff, *Pro Se*
Lakeland, FL
cori.hammond91@gmail.com