**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CORI HAMMOND,

      Plaintiff,

v.                                                                          Case No. 8:26-cv-1359-TPB-CPT

BANG SI-HYUK, et al.,

      Defendants.

_____/

**ORDER DENYING PLAINTIFF'S "EMERGENCY MOTION FOR**
**TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION"**

    This matter is before the Court on Plaintiff Cori Hammond's "Emergency

Motion for Temporary Restraining Order and Preliminary Injunction," filed *pro se* on

May 7, 2026.  (Doc. 3).  After reviewing the motion, court file, and the record, the

Court finds as follows:

    Although the exact nature of the allegations is a bit unclear, this case appears

to arise from the alleged misuse of Plaintiff's "likeness" by Defendants and the alleged

publication of defamatory statements, which Plaintiff claims somehow resulted in the

termination of her employment.  Plaintiff sues what appears to be members of a

popular Korean pop group, BTS, its related entities, and Samsung for libel and slander

(Count I); unauthorized use of likeness (Count II); unauthorized use of recordings

(Count III); and cyberstalking (Count IV).  In the pending motion, Plaintiff moves for a

temporary restraining order and a preliminary injunction without notice to

Defendants.  Plaintiff requests a restraining order to prevent Defendants from: (1)

broadcasting or distributing Plaintiff's likeness or using nonconsensual recordings of

Plaintiff; (2) continuing unauthorized interception of Plaintiff's communications or location; (3) continuing a disparagement campaign against Plaintiff and otherwise harassing her; and (4) deleting or altering data or evidence associated with this case.

## Legal Standard

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in *very limited* emergency circumstances. *See* Fed. R. Civ. P. 65(b); M.D. Fla. Local Rule 6.01. A motion seeking a temporary restraining order must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical.

To obtain either a temporary restraining order or a preliminary injunction, a movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 16 (2020). "A preliminary injunction is an extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly stablish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations omitted).

## Analysis

Plaintiff has failed to meet her burden for the issuance of a temporary restraining order in this case.  Plaintiff has failed to plead or demonstrate that irreparable injury is so imminent that a hearing on the motion for a temporary restraining order is impractical.[1]  Importantly, Plaintiff also does not detail any efforts made to give notice of the TRO motion to Defendants, and she does not provide any legitimate reason why notice should not be required.  Absent a showing of an emergency, the Court is not able to address Plaintiff's allegations without input from Defendants.  Because Plaintiff has failed to meet the high burden for the issuance of a TRO, Plaintiff's motion is denied to the extent she seeks a TRO.

Plaintiff's motion is denied without prejudice to the extent she moves for a preliminary injunction.  Because Plaintiff has filed a motion to proceed without costs, this case is subject to screening by the magistrate judge pursuant to 28 U.S.C. § 1915.  *See* (Doc. 2).  Should the case survive the screening, Plaintiff may renew her request for a preliminary injunction, if appropriate.[2]

---

[1] The Court notes, for instance, that Plaintiff alleges the unauthorized use of her likeness began in *June 2025*, and that at or around the same time, Defendants published false statements to her business associates and employers.  However, Plaintiff provides no explanation as to why she waited until *May 2026* to file this case and "emergency" motion. This lengthy delay cuts against any argument Plaintiff could make concerning the "emergency" nature of her requested relief.  *See Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("A delay in seeking a preliminary injunction of even only a few months – though not necessarily fatal – militates against a finding of irreparable harm.")*; Friends of Etna Turpentine Camp, Inc. v. United States Fish and Wildlife Serv.*, No. 3:17-cv-1409-J-34-PDB, 2019 WL 5110654, at *10 (M.D. Fla. July 9, 2019) (explaining that a one-year delay in seeking injunctive relief showed no immediate irreparable injury), *report and recommendation adopted*, 2019 WL 3852732 (M.D. Fla. Aug. 16, 2019).

[2] The Court notes that based on its initial review of the complaint, it does not appear that Plaintiff has pleaded any facially sufficient claims, meaning that she has failed to demonstrate any likelihood of success on the merits, let alone a substantial likelihood of success on the merits at this time.  *See* (Doc. 1).

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1)    Plaintiff Cori Hammond's "Emergency Motion for Temporary Restraining

Order and Preliminary Injunction" (Doc. 3) is hereby **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of May,

2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE